This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RALPH CECIL, Deceased, By the**
**PERSONAL REPRESENTATIVE of**
**the WRONGFUL DEATH ESTATE,**
**ROGER CECIL,**

Plaintiff-Appellee,

v.                                                          **No. 32,433**

**SKILLED HEALTHCARE GROUP, INC.,**
**SKILLED HEALTHCARE, L.L.C.**
**ST. THERESA HEALTHCARE and**
**REHABILITATION CENTER, L.L.C.,**
**and ADMINISTRATOR MATTHEW TAIT,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted Baca, District Judge**

Harvey & Foote Law Firm
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
W. Robert Lasater, Jr.
Sandra Beerle
Jocelyn Drennan
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}      Defendants appeal the district court's denial of their motion to compel arbitration.  The district court concluded that the arbitration agreement at issue was both procedurally and substantively unconscionable and therefore void.  Because we agree with the district court that the arbitration agreement is substantively unconscionable, we affirm the district court's ruling.  We do not reach Defendants' argument that the agreement was not procedurally unconscionable.

**BACKGROUND**

{2}      We briefly set out the relevant provisions of the arbitration agreement.  The agreement provided that any dispute between the parties would be resolved by arbitration.  The agreement defined "dispute" as

> all disputed claims that the Facility and Resident may have against each other associated with [the agreement], the relationship created by the Admission Agreement and/or the provision of services under the Admission Agreement, including all disputed claims arising out of or related to treatment or services provided by Facility to Resident, including disputed claims as to whether any services provided by Facility to Resident were unnecessary, unauthorized, or were improperly, negligently or incompetently rendered.

The agreement also defined collection claims by the Facility against the Resident as a dispute.  Immediately after, however, the agreement provided exemptions:

2

A [d]ispute for purposes of [the agreement] does not include claims for monetary damages that fall within the jurisdictional limit of the New Mexico metropolitan, magistrate or other small claims court. A [d]ispute . . . also does not include claims related to the eviction, transfer or discharge of Resident that are subject to a federal or state administrative hearing process.

Thus, the agreement specifically required that all claims for monetary damages exceeding the magistrate jurisdictional limitation must be arbitrated, including specifically "claims for loss of consortium, wrongful death, emotional distress, injunctive relief, or punitive damages."

{3}     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Standard of Review**

{4}     A district court's denial of a motion to compel arbitration is subject to de novo review. *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901.  Whether an arbitration agreement is unconscionable also presents a question of law subject to de novo review. *Id.*

***Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, 304 P.3d 409**

{5}     As an initial matter, we first address issues related to the change in the burden of proof in regard to allegedly unconscionable arbitration agreements.  While this

appeal was pending, our Supreme Court issued its decision in *Strausberg* and held that the party opposing arbitration has the burden to prove that the agreement is unconscionable. *Id.* ¶ 3. Both parties raise the issue on appeal as to whether *Strausberg* requires this Court to remand this case to the district court to determine whether Plaintiff met the burden of proof. However, because we conclude that Plaintiff met his burden to prove that the arbitration agreement was unconscionable, we do not believe that remand is necessary in this case.

**Substantive Unconscionability**

{6} "Unconscionability is an equitable doctrine, rooted in public policy, which allows courts to render unenforceable an agreement that is unreasonably favorable to one party while precluding a meaningful choice of the other party." *Cordova*, 2009-NMSC-021, ¶ 21. "Substantive unconscionability concerns the legality and fairness of the contract terms themselves." *Id.* ¶ 22. In determining whether a contract provision is substantively unconscionable, we "focus[ ] on such issues as whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* While we do not require that the arbitration obligations be completely equal, *Figueroa v. THI of New Mexico at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 32, 306 P.3d 480, " '[c]ontract provisions that unreasonably benefit one party over another are

substantively unconscionable.' " (quoting *Cordova*, 2009-NMSC-021, ¶ 25). This is a case-by-case determination. *See Bargman v. Skilled Healthcare Group, Inc.*, 2013-NMCA-006, ¶ 17, 292 P.3d 1.

{7} Defendants argue that the arbitration agreement at issue is not one-sided or oppressive because the agreement fairly and reasonably protects the respective interests of all parties. Defendants point out that the agreement provides for an unbiased decision-making body, does not restrict the remedies that the arbitrators may award, does not alter the resident's legal rights or otherwise exculpate Defendants from liability, and requires Defendants to pay 100 percent of the arbitrators' fees. Defendants further argue that there is no evidence in the record that they would be more likely than any other party to invoke the small claims exception that exempts from arbitration any claim under the magistrate or metropolitan court jurisdictional limit of $10,000. *See* NMSA 1978, § 35-3-3(A) (2001) (providing a $10,000 jurisdictional limitation on magistrate courts).

{8} While we recognize that the portions of the agreement cited by Defendants are fair to Plaintiff, this Court has repeatedly held that "we refuse to enforce an [arbitration] agreement where the drafter unreasonably reserve[s] the vast majority of his claims for the courts, while subjecting the weaker party to arbitration on essentially all of the claims that party is [most] likely to bring." *Figueroa*, 2013-

NMCA-077, ¶ 30; *see Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, ¶ 16, 293 P.3d 902 (concluding that the arbitration agreement was substantively unconscionable where "[i]t provide[d the d]efendants with a judicial forum to litigate [their] most likely and beneficial claims while totally excluding access to the judicial system for claims regarding negligent care, the most likely claims to be pursued by a resident"), *cert. denied*, *Ruppelt v. Meadows*, 2012-NMCERT-012, 299 P.3d 422. We see no principled distinction between the arbitration agreement in *Figueroa*, which exempted small claims below $2,500, and the exemption in this case, which allows claims under $10,000 to be exempted from arbitration. 2013-NMCA-077, ¶ 28. Arguably, the agreement here allows for even more of the types of small claims Defendants are most likely to bring, such as collection actions, to be exempted from arbitration while forcing "claims for loss of consortium, wrongful death, emotional distress, injunctive relief, or punitive damages"—claims the resident is most likely to bring—into arbitration. *Id.* ¶ 29 ("[A]lthough the exemption from arbitration for claims under $2,500 grants some judicial rights to the resident, . . . the practical effect of this agreement is no different from *Cordova* and *Rivera*: the resident is precluded from bringing any claims that he or she would likely have, while the most likely claims the nursing home would have against the resident are excluded from arbitration."). Thus, as we concluded in *Figueroa*, we hold that the agreement in this

6

case is unfair and unreasonably one-sided. *See* 2013-NMCA-077, ¶ 18 ("[A]lthough the exemption provision may facially appear to apply evenhandedly, its practical effect unreasonably favors [the d]efendants, and the provisions bilateral appearance is inaccurate." (citation omitted)).

{9}     We further reject Defendants' argument that there is no basis for this Court to presume that Defendants are more likely than Plaintiff to invoke the small claims exception. Plaintiff proffered evidence to the district court that collection actions by nursing homes generally fall under the $10,000 limitation found in the agreement. Although evidence of other nursing home collection actions is hardly conclusive, Defendants offered nothing to rebut the thrust of Plaintiff's evidence: that the $10,000 exemption is another way of exempting from arbitration claims Defendants are most likely to bring. Furthermore, this Court has recognized that small claims exemptions are generally intended to benefit nursing homes. *See id.* ¶ 31 ("Common sense dictates that the most likely claims [the d]efendant would have against a resident would be related to its provision of services to that resident: i.e., the collection of fees for services[.]"); *Ruppelt*, 2013-NMCA-014, ¶ 15 ("Common sense dictates that claims relating to collection of fees . . . are the types of remedies that a nursing home, not its resident, is most likely to pursue."). We therefore conclude that there is a sufficient basis to conclude that the small claims exemption, though facially bilateral,

was intended to exempt claims Defendants were most likely to bring against Plaintiff. *See Ruppelt*, 2013-NMCA-014, ¶ 15 ("Although the exemption provision is facially bilateral in the sense that it does not completely extinguish [the p]laintiff's right to access the courts, in effect this distinction from *Cordova* and *Rivera* is illusory.").

{10}     Finally, we reject Defendants' argument that there may be some reasonable justification for the small claims exemption, such as arbitration being unfeasible in small claims matters because paying the arbitrators would make the process cost-prohibitive.  Defendants did not present evidence below, even  when it was believed that the burden of proof was theirs, regarding the costs involved in pursuing the types of small claims that are most likely to be pursued by nursing homes. *See Bargman*, 2013-NMCA-006, ¶ 17 ("It is noteworthy that in none of the foregoing cases [*Figueroa* and *Ruppelt*] did the defendant drafter of the arbitration provision offer evidence tending to prove that it was not unreasonable or unfair to except certain claims from arbitration even if they were claims most likely to be pursued by the defendant.").  Accordingly, we reject this argument by Defendants.

**CONCLUSION**

{11}     For the foregoing reasons, we hold that the arbitration agreement is substantively unconscionable and affirm the district court's order denying Defendants' motion to compel arbitration.

8

{12}    **IT IS SO ORDERED.**


_____
                    **CYNTHIA A. FRY, Judge**

**WE CONCUR:**



_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**